**WO**                                                                                          RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Jerry Manning, | ) No. CV-04-2702-PHX-SMM (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Maricopa County Sheriff's Office, | ) |
| Defendant. | ) |

Arthur Jerry Manning (Plaintiff), presently confined in the North Unit II of the Arizona State Prison Complex in Florence, Arizona (ASPC-Florence), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1] Plaintiff did not pay a filing fee, but filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with his Complaint.

By Order filed October 27, 2005 (Document #4), the Court granted the Application To Proceed and Plaintiff was obligated to pay the one hundred and fifty dollar ($150.00) statutory filing fee for this action. Based on average monthly balances for five (5) months

---

[1]When Plaintiff filed the Complaint, he was confined in the Maricopa County Towers Jail in Phoenix, Arizona (Towers Jail).

**JDDL-K**                                     - 1 -

1 preceding the filing of the Complaint, an initial partial filing fee of six dollars and sixty-eight
2 cents ($6.68) was assessed.

3 The Order also denied without prejudice Plaintiff's request in the Complaint for an
4 attorney, dismissed Defendant Maricopa County Sheriff's Office from the action, and
5 dismissed Plaintiff's Complaint (Document #1) without prejudice, with leave to amend.
6 Plaintiff was given thirty (30) days from the filing date of the Order to file an amended
7 complaint on the Court-approved form included with the Order.

8 By separate Order filed October 27, 2005 (Document #5), the Director of the Arizona
9 Department of Corrections (ADOC) or her designee was required to send to the Clerk of the
10 Court the initial partial filing fee, and thereafter, payments from Plaintiff's trust account each
11 time the amount in the account exceeds ten dollars ($10.00), until the statutory filing fee of
12 one hundred and fifty dollars ($150.00) is paid in full. 28 U.S.C. § 1915(b)(2).

13 **MOTION TO EXTEND TIME TO AMEND COMPLAINT**

14 To date, Plaintiff has not complied with the Court's October 27, 2005 Order (Document
15 #4) by filing an amended complaint. However, on November 28, 2005, Plaintiff filed a
16 "Motion To Extend Time To Amend Complaint" (Document #6) (Motion).

17 In support of his Motion, Plaintiff alleges that due to the "inadequate library or person
18 trained in the law to assist Plaintiff in [p]reparing the Amended Complaint," he needs
19 additional time to seek counsel. (Motion at 1). Good cause having been shown, Plaintiff's
20 Motion will be granted and Plaintiff will be given thirty (30) days from the filing date of this
21 Order to file an amended complaint on the Court-approved form included with the Court's
22 October 27, 2005 Order.

23 **WARNING**

24 Plaintiff is warned that if he fails to timely comply with every provision of this Order, this
25 action will be dismissed without further notice. See Ferdik, 963 F.2d 1258, 1260-61 (stating
26 that a district court may dismiss action for failure to comply with any order of the court).
27 Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff

**JDDL-K**  28

- 2 -

fails to file an amended complaint correcting the deficiencies identified in the Court's October 27, 2005 Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1)   That Plaintiff's "Motion To Extend Time To Amend Complaint" (Document #6) is GRANTED;

(2)  That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to file an amended complaint in order to state specific allegations of deprivation of constitutional rights against proper defendant(s), to name as defendant(s) the individual(s) who participated in the activities alleged in his amended complaint, to state what injury he has suffered as a result of the activities of the defendant(s), and to show how, prior to filing this action, he exhausted his administrative remedies as to each of his claims for relief.  The amended complaint must be retyped or rewritten in its entirety on the current, Court-approved form included with the Court's October 27, 2005 Order (Document #4), may not incorporate any part of the original Complaint by reference, and must contain Plaintiff's original signature. If Plaintiff fails to file the amended complaint on a current, Court-approved form, the amended complaint will be stricken, and the action dismissed without further notice to Plaintiff.  Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on the face of the document;

(3)  That the Clerk of the Court is DIRECTED to enter a judgment of dismissal without prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days from the filing date of this Order.  Upon entry of judgment, the Clerk of the Court SHALL MAKE an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

(4)   That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See Rule 5.4, Local Rules

**JDDL-K**

of Civil Procedure (LRCiv).  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(5) That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 10th day of December, 2005.

_____
Stephen M. McNamee
Chief United States District Judge

**JDDL-K**

- 4 -